IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D. OWENS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:23-CV-1329-K |
| | § | (CRIMINAL NO. 3:20-CR-201-K) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Before the court is Movant Christopher D. Owens's ("Owens's") *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Upon review, the motion is **DENIED**.

I.   BACKGROUND

Owens was named in a two-count indictment charging him in count one with attempted child sex trafficking, in violation of 18 U.S.C. § 1594(a) (18 U.S.C. § 1591(a)(1)), and in count two with obstruction, in violation of 18 U.S.C. § 1591(d). Crim. Doc. 12. Owens entered into a plea agreement pursuant to which he agreed to plead guilty to the offense charged in count one of the indictment and the government agreed not to bring any additional charges based upon the conduct underlying and related to the guilty plea and to dismiss any remaining charges in the pending indictment. Crim. Doc. 27. The plea agreement further provided that Owens waived his right to appeal or otherwise challenge his conviction and sentence except in certain limited circumstances. *Id.* ¶ 12. Owens also signed a factual resume setting forth the

elements of the offense charged in count one and the stipulated facts establishing that he had committed that offense. Crim. Doc. 29. At rearraignment Owens testified under oath as to the facts establishing that his plea and waiver of right to appeal and collaterally challenge his conviction and sentence were made voluntarily, knowingly, and intelligently and that there was a factual basis to support the plea. Crim. Doc. 52.

The probation officer prepared the presentence report ("PSR"), which reflected that Owens's base offense level was 30. Crim Doc. 38, ¶ 29. He received two-level increases for use of a computer, *id.* ¶ 30, and obstruction of justice. *Id.* ¶ 33. He did not receive acceptance of responsibility due to the obstruction of justice. *Id.* ¶ 36. Based on a total offense level of 34 and a criminal history category of I, Owens's guideline imprisonment range was 151 to 188 months. *Id.* ¶ 79. Owens filed objections to the findings of obstruction and denial of acceptance of responsibility, and to paragraphs concerning offense behavior not part of relevant conduct and pending state charges. Crim. Doc. 43. He also filed a sentencing memorandum requesting a sentence of 120 months. Crim. Doc. 47. The Court sentenced Owens to a term of imprisonment of 135 months, a downward variance. Crim. Doc. 49. Owens did not appeal.

Owens timely filed his motion under Section 2255, asserting four grounds in support. Civ. Doc. 1. He filed a memorandum asserting an additional ground. Civ. Doc. 5. The government opposes relief. Civ. Doc. 8.

## II.     ANALYSIS

### A.     Waiver of Right to Appeal and Challenge Sentence

In his first ground, Owens argues that he should not have received a two-level enhancement for obstruction of justice since count two of the indictment was dismissed pursuant to the plea agreement. Civ. Doc. 1 at 7. (In his memorandum, he refers to this as the "acquitted conduct." Civ. Doc. 5 at 1.) However, Owens waived his right to bring this ground. Crim. Doc. 27, ¶ 12. *United States v. White*, 307 F.3d 336, 344 (5th Cir. 2002) (knowing and voluntary waiver of postconviction rights is enforceable and should not be easily evaded). Even had it not been waived, misapplication of the sentencing guidelines is not an issue that can be raised in a § 2255 motion. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). And, for all of the reasons discussed by the government, Civ. Doc. 8 at 10–12, the ground has no merit in any event. Thus, Owens cannot show that he received ineffective assistance of counsel in this regard. The allegation that the government somehow violated the plea agreement is wholly conclusory and unsupported. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (mere conclusory allegations do not raise a constitutional issue in a habeas proceeding). The plea agreement contains no obligation on the government's part relevant to this ground. Crim. Doc. 27. *See United States v. Melendez-Gonzalez*, 690 F. App'x 170, 171 (5th Cir. 2017) (government does not breach a plea agreement by supporting enhancements based on relevant conduct if the agreement does not include a promise to disregard relevant conduct).

In his second ground, Owens alleges that pending state charges were mentioned at sentencing and may have influenced the district judge to give a longer sentence. Civ. Doc. 1 at 7. This ground, like the first, was waived. Crim. Doc. 27, ¶ 12. In any event, the state charges were not dismissed pursuant to the plea agreement, which was clearly "limited to the United States Attorney's Office for the Northern District of Texas and [did] not bind any other federal, state, or local prosecuting authorities." *Id.* ¶ 9. The Court was entitled to consider the charges, which were detailed in the PSR. Crim. Doc. 38, ¶¶ 49, 50. *See United States v. Fields*, 932 F.3d 316, 320–21 (5th Cir. 2019) (Court may rely on PSR's factual recitation of conduct underlying an arrest even if it did not result in a conviction); *United States v. Green*, No. 21-30624, 2022 WL 2951760, at *3 (5th Cir. July 26, 2022) (PSR contained detailed factual recitations of events and investigations leading to prior arrests for charges ultimately dismissed such that court could consider these charges at sentencing).

In his third ground, Owens complains that the Court should have taken into account his medical conditions in setting his sentence. Civ. Doc. 1 at 7. This ground, too, is waived. Crim Doc. 27, ¶ 12. The Court was aware of Owens's health issues. Crim. Doc. 38, ¶¶61–66; Crim. Doc. 47; Crim. Doc. 53. This is not an issue of constitutional import that can be raised here. *Williamson*, 183 F.3d at 462.

B.  **Ineffective Assistance of Counsel**

In his memorandum, Owens argues that he received ineffective assistance of counsel because his attorney did not object to the criminal history point he received

for his conviction for possession of a controlled substance in Navarro County, Texas. Crim. Doc. 38, ¶ 44. He alleges that because he successfully completed probation, he should not have received the point. Civ. Doc. 5 at 2. Owens does not dispute that he pleaded guilty to the offense and received deferred adjudication probation, which is properly counted as a prior sentence under the guidelines. *United States v. Cisneros*, 112 F.3d 1272, 1281–82 (5th Cir. 1997); *United States v. Giraldo-Lara*, 919 F.2d 19, 23 (5th Cir. 1990). Any objection would have been meritless; thus, the failure to object was not deficient performance by Owens's counsel . *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). But, even if it was, Owens has not shown that he was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

    C.    **Safety Valve**

In his fourth ground, Owens appears to contend that he was entitled to the benefit of the safety valve provision, 18 U.S.C. § 3553(f). Civ. Dov. 1 at 8; Civ. Doc. 5 at 2. This ground was waived pursuant to the plea agreement. Crim. Doc. 27, ¶ 12. Second, the allegations are wholly conclusory in that Owens fails to provide enough detail for the Court to do more than guess what he is contending. *Ross*, 694 F.2d at 1012. And, third, the safety valve provision does not apply in Owens's case as he was not convicted of any of the offenses described in that statute. *See* Civ. Doc. 8 at 25.

## III. CONCLUSION

Accordingly, the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

SO ORDERED.

Signed August 12th, 2024.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE